## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARY CARPENTER,**<br>   **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2370** |
| **WAL-MART LOUISIANA, LLC ET AL.,**<br>   **Defendants** | **SECTION "E"** |

### ORDER

Before the Court are Plaintiff Mary Carpenter's (1) Motion to Remand,[1] and (2) Motion to Amend the Pleadings.[2] Both motions are opposed by Defendants Wal-Mart Louisiana, LLC, Wal-Mart Stores, Inc., and Wal-Mart Real Estate Business Trust (collectively "the Wal-Mart Defendants").[3] For the reasons that follow, both motions are denied.

### BACKGROUND

Plaintiff Mary Carpenter filed suit on September 5, 2014 in state court against the Wal-Mart Defendants and Mike Noel, alleged to be the supervising manager of the Wal-Mart Supercenter at 4001 Behman Place, New Orleans, Louisiana. Plaintiff seeks damages for personal injuries she allegedly sustained on June 13, 2014 as a result of slipping and falling in a puddle of rainwater on the floor of the Wal-Mart Supercenter.[4]

Plaintiff claims the Defendants were negligent in failing to exercise reasonable care to keep the premises in a reasonably safe condition.[5] With respect to Mike Noel, specifically, the petition makes the following allegations:

---

[1] R. Doc. 6.
[2] R. Doc. 17.
[3] R. Doc. 7; R. Doc. 12; R. Doc. 20.
[4] R. Doc. 1-1, pp. 3–4.
[5] *Id.* at p. 2.

> On information and belief, [Mike] Noel is the supervising manager of the business that Defendants operate at the Premises. As such, Mr. Noel owes duties to customers entering the Premises to protect and warn of hazards that he knows, or should know, about. . . . On information and belief, the puddle [Plaintiff slipped on] came from a source above the location. Defendants[,] their agents, Mr. Noel, and others knew or should have known of this water source and the unreasonably dangerous puddle at the Premises, as water has previously leaked during rainstorms. Under Mr. Noel's direction or supervision, Defendants and their agents placed buckets in the aisles to collect rain water during prior storms.[6]

The petition asserts the Wal-Mart Defendants and Mike Noel, jointly and/or in solido, are liable for the damages Plaintiff sustained during the fall.

On October 16, 2014, the Wal-Mart Defendants removed this action to federal court.[7] In the notice of removal, the Wal-Mart Defendants assert Plaintiff improperly joined Mike Noel as a defendant, even though Plaintiff has no arguable claim for recovery against him under Louisiana law, to defeat diversity jurisdiction and keep this matter in state court.[8] The Wal-Mart Defendants contend no one named Mike Noel was an employee of the Wal-Mart Supercenter where the incident occurred at any time pertinent to this litigation.[9] The Wal-Mart Defendants argue that, "[b]ecause plaintiff has no arguable or reasonable basis on which to state a cause of action against the improperly named defendant, Mike Noel, the joining of this defendant and the alleged lack of diversity caused by his presence does not bar removal to this court."[10]

On November 25, 2014, Plaintiff filed a motion to remand this action to state court, arguing that the Court lacks subject-matter jurisdiction because she has a viable

---

[6] *Id.*

[7] R. Doc. 1.

[8] *Id.* at p. 2.

[9] *Id.* The notice of removal states: "Upon information and belief plaintiff intended to name Mike Nowell who was previously assigned as a manager of Store No. 1163 but who has not been assigned to that location for over 5 years." *Id.* (citing Affidavit of Mike Nowell, R. Doc. 1-1, p. 5).

[10] *Id.*

claim against Defendant Mike Noel.[11] Plaintiff claims Noel owed Plaintiff an independent duty of care to exercise his supervision over the Wal-Mart Supercenter with reasonable care because (1) he negligently directed employees to correct the water intrusion problem at his store by placing buckets to collect rainwater, and (2) he had actual knowledge that water had accumulated on the floors of the store and that his store employees had not adequately dried the floors.[12] Additionally, Plaintiff argues there is a factual dispute as to whether Mike Noel was, in fact, the manager on duty.[13]

The Wal-Mart Defendants filed an opposition to Plaintiff's motion to remand on January 2, 2015, arguing Plaintiff "fail[ed] to present a shred of competent evidence that any individual by the name of 'Mike Noel' exists and was employed as a manager at the Wal-Mart Supercenter" and again asserting that he was improperly joined to preclude removal.[14]

The Court ordered limited discovery for Plaintiff to learn the identity of the manager at the Wal-Mart Supercenter at the time of the incident and ordered both parties to file supplemental memoranda with respect to the motion to remand.[15] The Wal-Mart Defendants provided Plaintiff with the names and job titles of all members of management who worked at the Wal-Mart Supercenter during June of 2014, specifically identifying those who were at the store premises on the date of the incident.[16] No one by the name of "Mike Noel" or any similar name was included on this list.

---

[11] R. Doc. 6-1, p. 5.

[12] *Id.*

[13] *Id.* at p. 6 (citing sources that allegedly contradict Defendants' claim that Mike Noel was not the store manager, including a Credibility.com business profile (R. Doc. 6-4), Leadferret.com manager profile (R. Doc. 6-3), and Manta.com business listing (R. Doc. 6-5)).

[14] R. Doc. 7, p. 1. As compared to Plaintiff's unverified and unsworn web pages, the Wal-Mart Defendants present an affidavit of Mike Nowell swearing he was not the supervising manager of the Supercenter at the relevant time and further attesting that no one by the name of Mike Noel worked at the Supercenter. *See* R. Doc. 1-1, p. 5.

[15] R. Doc. 8; R. Doc. 13.

[16] R. Doc. 14.

Per the Court's order, Plaintiff filed a supplemental memorandum in support of her motion to remand in which she admits Mike Noel was not the store manager that committed the acts alleged in the petition.[17] Plaintiff learned from the Wal-Mart Defendants' discovery responses that the correct store managers who were on duty are Regina Lewis and Rashanda Holden. On the same day she filed her supplemental memorandum, Plaintiff also filed a motion to amend her pleadings to add Regina Lewis and Rashanda Holden as defendants in place of Mike Noel.[18] The Wal-Mart Defendants oppose Plaintiff's motion to amend, arguing the purpose of her proposed amendment is solely to defeat diversity jurisdiction.[19] With all supplemental briefing completed, Plaintiff's Motion to Remand and Motion to Amend are ripe for determination.

## LAW AND ANALYSIS

A.  Motion to Remand

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[20] Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction of all civil matters where the parties are citizens of different states and the amount in controversy exceeds $75,000.[21] If these requirements are met, a defendant generally may remove the action originally filed in state court to federal court.[22] If a non-diverse defendant has been improperly joined, a defendant may nonetheless remove the action, and that defendant's citizenship is

---

[17] R. Doc. 18, p. 1. In this memorandum, Plaintiff refers to Mike Noel as "Mike Nowell," the name of the former Wal-Mart store manager.

[18] R. Doc. 17.

[19] R. Doc. 20, p. 3.

[20] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).

[21] 28 U.S.C. § 1332(a).

[22] *See* 28 U.S.C. § 1441(a). An exception exists if any of the parties in interest properly joined and served as defendants is a citizen of the state in which the action was brought. *See* 28 U.S.C. § 1441(b)(2). In this case, Mike Noel/Nowell is alleged to be a citizen of Louisiana, which would preclude removal. *See id.*

disregarded for purposes of determining whether the federal court has diversity jurisdiction.

The presence of Mike Noel as a defendant in this case, if proper, defeats complete diversity of citizenship and requires remand to state court. In this case, the Wal-Mart Defendants as the removing parties bear the burden of showing subject-matter jurisdiction exists and that removal was proper.[23] In cases removed based on diversity jurisdiction and improper joinder,[24] the removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[25] The Wal-Mart Defendants do not dispute that both Plaintiff and Mike Noel/Nowell are Louisiana citizens, so jurisdiction turns on the second method.

Under this second method, "[t]he court determines whether [the plaintiff] has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This *possibility, however, must be reasonable,* not merely theoretical."[26] If the removing defendant meets the heavy burden of establishing improper joinder, the improperly joined defendant's citizenship will be disregarded for purposes of determining diversity jurisdiction.[27]

In this case, the Wal-Mart Defendants argue Plaintiff cannot establish a cause of

---

[23] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[24] The Fifth Circuit has stated that there is no substantive difference between the term "improper joinder" and "fraudulent joinder," but "improper joinder" is preferred. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004).
[25] *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).
[26] *Id.* at 648 (internal quotation marks and citation omitted). In *Smallwood*, an en banc panel of the Fifth Circuit recognized the *Travis* formulation for improper joinder as the proper one. *See* 385 F.3d at 573.
[27] *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 817 (5th Cir. 1993). Additionally, 28 U.S.C. § 1441(b)(1) states that "the citizenship of defendants sued under fictitious names shall be disregarded."

action against Mike Noel because there was no manager by the name of Mike Noel working at the Wal-Mart when the incident allegedly occurred.[28] In support, the Wal-Mart Defendants attached an affidavit of Mike Nowell, a former manager of the Wal-Mart Supercenter, in which he attests he has not worked at that Wal-Mart location in over five years, and "[t]here was no manager of the Wal-Mart Supercenter . . . on June 13, 2014 by the name of Mike Noel."[29]

After conducting limited discovery, Plaintiff conceded in her supplemental memorandum and motion to amend that Mike Noel was not the Wal-Mart manager on duty at the time of the incident.[30] Thus, Plaintiff admits she has no possibility of recovery against Mike Noel because he is not a proper party to this action. For this reason, the Court disregards Mike Noel's citizenship for purposes of determining diversity jurisdiction.[31] Because there is complete diversity and no properly joined defendant is a citizen of the forum state,[32] Plaintiff's motion to remand is denied.[33] The court dismisses Plaintiff's claims against Mike Noel and/or Mike Nowell.[34]

## B.  Motion to Amend

After conducting limited discovery, Plaintiff learned the correct Wal-Mart store managers are Regina Lewis and Rashanda Holden. In response, Plaintiff filed a motion seeking to amend her pleadings to replace Mike Noel with Regina Lewis and Rashanda Holden.[35] "Although it is true that most [post-removal] events will not defeat

---

[28] R. Doc. 1; R. Doc. 7; R. Doc. 12.

[29] R. Doc. 7, p. 3 (citing R. Doc. 1-1, at ¶ 7).

[30] R. Doc. 17-1, p. 4; R. Doc. 18.

[31] *See Jernigan*, 989 F.2d at 817.

[32] According to the notice of removal, Plaintiff is a citizen of Louisiana and the Wal-Mart Defendants are citizens of Delaware and Arkansas. R. Doc. 1, pp. 4–5.

[33] R. Doc. 6.

[34] *See* Fed. R. Civ. P. 21. *See also Green v. Amerada Hess Corp.*, 707 F.2d 201, 203 (5th Cir. 1983).

[35] R. Doc. 17-1. In addition to "correct[ing] the names of the non-diverse Wal-Mart managers," Plaintiff contends the amendment "also adds additional duties of care that said managers failed to satisfy." *Id.* at

jurisdiction, addition of a nondiverse defendant will."[36] Thus, if joined, Lewis and Holden would destroy complete diversity because Plaintiff is a Louisiana citizen and both Lewis and Holden are also Louisiana citizens.

When joinder of a non-diverse party post-removal would destroy complete diversity, 28 U.S.C. § 1447(e) applies and gives the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court.[37] The district court has discretion to permit or deny post-removal joinder of a non-diverse party.[38] The Fifth Circuit in *Hansgen v. Deere & Co.* set forth the following factors for district courts to use when making such a determination:

> The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "should be freely given when justice so requires," and Rule 20 permits joinder of proper parties. In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction.[39]

Plaintiff argues in her motion to amend that Lewis and Holden are individually liable to her for their negligence.[40] Plaintiff claims they knew rainwater had previously leaked into the store because Defendants and their agents placed buckets in the aisles of

---

pp. 1–2.
[36] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987).
[37] 28 U.S.C. § 1447(e).
[38] *Hengens*, 833 F.2d at 1182.
[39] *Id.*
[40] R. Doc. 17-1.

the store to collect rainwater during prior storms.[41] Plaintiff asserts "[t]hese buckets were placed under the direction and supervision of" Lewis and Holden.[42] Plaintiff further argues that Wal-Mart imposed duties on Lewis and Holden as part of their employment relationships to maintain a safe and dry floor surface for all shoppers that entered the store.[43] Plaintiff also points out that Wal-Mart makes all employees responsible for floor safety.[44] Thus, Plaintiff contends "[t]here can be little doubt that Ms. Holden and Ms. Lewis owed duties to Plaintiff" by virtue of their employment relationship and can be held individually liable for Plaintiff's injuries.[45]

The Wal-Mart Defendants argue that under the *Hensgen* factors, Plaintiff's motion should be denied.[46] First, they argue the purpose of the proposed amendment is obviously to defeat diversity jurisdiction because Plaintiff does not have a valid claim against Lewis and Holden individually.[47] This is because general responsibilities alone do not trigger individual liability on the part of an employee under Louisiana law.[48] Second, the Wal-Mart Defendants contend Plaintiff's attempt to amend her pleadings is dilatory because they disclosed both Lewis and Holden in their initial disclosures and subsequent discovery responses.[49] Third, the Wal-Mart Defendants assert Plaintiff will not suffer any injury or prejudice if the proposed amendment is not allowed because it is well established that, under Louisiana law, there is no individual liability for Lewis and Holden merely based on their positions and responsibilities as Wal-Mart managers.[50]

---

[41] *Id.* at p. 2.
[42] *Id.*
[43] *Id.* at pp. 2–3.
[44] *Id.* at p. 3.
[45] *Id.* at pp. 5–6.
[46] R. Doc. 20.
[47] *Id.* at pp. 3–4.
[48] *Id.*
[49] *Id.* at pp. 4–5.
[50] R. Doc. 20, pp. 5–6.

The Louisiana Supreme Court has held that, for a defendant–employee to be personally liable for injuries suffered by third parties under Louisiana law, (1) the employer must owe a duty of care to a third party; (2) that duty must be delegated by the employer to the defendant–employee; and (3) the defendant–employee must have breached this duty through personal—not technical or vicarious—fault.[51] "[P]ersonal liability cannot be imposed upon the [defendant–employee] simply because of his general administrative responsibility for performance of some function of the employment. He must have a *personal* duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages."[52]

Numerous cases, both in Louisiana state and federal courts, analyzing the personal liability of employees for injuries suffered by third parties under Louisiana law have involved nearly identical allegations to those alleged in this case. The consistent holding is that merely alleging general administrative responsibility, such as the general responsibility of a manager to keep a store safe and clean, is insufficient to hold a defendant—employee personally liable.[53]

In this case, Plaintiff's allegations against Lewis and Holden are that they breached their general job responsibilities as managers of Wal-Mart, mainly to keep the store clean and safe. The only evidence of wrongdoing Plaintiff offers is that their job

---

[51] *See Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973).

[52] *Id.* (emphasis added).

[53] *See, e.g., Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) (holding a district court's denial of a motion for leave to amend pleadings was not abuse of discretion where the district court concluded the amendment served only to defeat diversity jurisdiction because plaintiff's allegations against employees were general in nature and plaintiff offered no evidence of personal fault); *Dodson v. K-Mart Corp.*, 891 So.2d 789, 793 (La. App. 3d Cir. 2004) (holding in a slip and fall case that "[a] manager of a retail establishment is not automatically personally liable for injuries that may occur on the premises under his 'watch'" and finding there was no evidence to suggest the manager had anything personally to do with the accident); *LeBlanc v. K-Mart Corp.*, 1992 WL 365345, at *1 (E.D. La. Nov. 19, 1992) (denying a motion to remand in a slip and fall suit finding plaintiff's allegations against a K-Mart store manager and another employee that they failed to "personally" inspect the floors came within their "general administrative responsibilities" for functions of their employment and thus did not establish personal liability).

responsibilities include duties concerning floor safety and rainy day procedures at Wal-Mart. Plaintiff does not allege that either of the managers owed a *personal* duty towards her, rather than a general duty to all Wal-Mart customers, or that either manager somehow caused her injuries.[54] In fact, as Plaintiff points out, *all Wal-Mart employees* are responsible for floor safety.[55] Without allegations of personal fault, Louisiana law does not impose liability on defendant–employees for injuries suffered by third parties. Thus, Plaintiff does not have a valid claim under Louisiana law against either Lewis or Holden based merely on their job responsibilities as Wal-Mart managers.

After considering the *Hansgen* factors, the Court finds granting leave to amend is not warranted in this case. First, it is evident to the Court that Plaintiff seeks to swap in and out the names of various Wal-Mart managers who are citizens of Louisiana in an effort to avoid a federal forum. Second, the names of these employees were disclosed to Plaintiff soon after this case was removed, but Plaintiff did not immediately seek leave to amend her pleadings to add them as defendants: she waited months. Third, as the Fifth Circuit has stated, "a plaintiff will not be 'significantly injured' by the denial of a clearly meritless claim."[56] Accordingly, the Court finds allowing Plaintiff to amend her pleadings to add Lewis and Holden as defendants would do nothing more than defeat diversity. Justice does not require leave to be given in this case. Plaintiff's Motion to

---

[54] Plaintiff argues in her motion to amend that Lewis and Holden are individually liable because they knew rainwater had previously leaked into the store. She supports this statement by arguing the Wal-Mart Defendants and their agents placed buckets in the aisles of the store to collect rainwater during prior storms, and "[t]hese buckets were placed under the direction and supervision of" Lewis and Holden. R. Doc. 17-1, pp. 2–3. In Plaintiff's original petition, she alleged Mike Noel knew or should have known of the water because the Wal-Mart Defendants and their agents placed buckets in the aisles to collect rain water during prior storms "[u]nder Mr. Noel's direction or supervision." R. Doc. 1-1, p. 2. It is evident to the Court that Plaintiff is merely making this assumption based on Lewis and Holden's roles as managers, which is insufficient to allege they owed a personal duty to Plaintiff or that they personally caused her injuries.
[55] *See* R. Doc. 17-1, p. 6 (citing Wal-Mart's responses to interrogatories).
[56] *See Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010).

Amend the Pleadings is denied.[57]

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED**.[58]

**IT IS FURTHER ORDERED** that Plaintiff's claims against Mike Noel and/or Mike Nowell are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend the Pleadings is **DENIED**.[59]

**New Orleans, Louisiana, this 24th day of July, 2015.**

SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[57] R. Doc. 17.
[58] R. Doc. 6.
[59] R. Doc. 17.